## Eric HALE v. William PEDDLE

[648 A.2d 830]

No. 91-558

May 19, 1993. Defendant contends he was unlawfully held in contempt for refusing to pay a small claims judgment because the court erred in finding that he had the ability to pay the judgment. We agree, and reverse and remand.

After defendant was found liable for $2,000 in small claims court, he

failed to pay the amount awarded. Following a financial disclosure hearing pursuant to 12 V.S.A. § 5537 and D.C.C.R. 80.3(m), the small claims court found defendant had the ability to pay and ordered him to do so. He again refused to pay, and, after a show cause hearing, the court held him in contempt for refusal to pay. Sanctions were withheld while plaintiff pursued a writ of execution, but the writ was not served.

At a second show cause hearing, the court found "incredible" defendant's claim that he was impecunious. Instead, it found that defendant had willfully dissipated or hidden his liquid assets and structured his financial affairs to make himself appear judgment proof. It concluded that defendant "has had and continues to have, the ability to pay this judgment, but has willfully refused to do so," and further stated that withholding sanctions pending a writ of execution would be a "futile gesture given the circumstances of this case." The court found defendant in contempt of court and ordered him imprisoned unless he paid the judgment or filed a proposed payment plan. Instead, he appealed to the superior court, which upheld the small claims court's decision. He then appealed to this Court.

The small claims court characterized as "contumacious conduct" defendant's "statement of refusal [to pay] . . . given in open court, under oath and in direct response to the court's inquiry." Although the court has discretionary power to punish a party for contempt, noncompliance with a court order by itself is an insufficient basis for exercising that power. *Spabile v. Hunt*, 134 Vt. 332, 335, 360 A.2d 51, 53 (1976). Rather, in order to hold a person in contempt, a court must find, based on evidence, that defendant not only refused to

pay but also that he has the ability to make the ordered payments. *Id.* Contempt cannot be used as a mere debt-collecting device. Inability to pay a court-ordered judgment is a defense against contempt because contempt cannot be used against a person powerless to comply. *Id.* at 335, 360 A.2d at 52.

The court's use of the contempt power was premature and based on an insufficient foundation. Its finding that defendant had the ability to pay was based primarily on his admission that he had given away over $20,000 to his children within the last year. While this may be evidence of willful dissipation of assets, it is not evidence of present ability to pay. In fact, it suggests the contrary. Although other remedies may exist for dissipation of assets, contempt cannot be used as punishment. If defendant has no present resources, he cannot purge himself of contempt, and that remedy is not appropriate.

Defendant's direct statements about his ability to pay were sometimes vague, sometimes conflicting. Apparently, defendant's sole income is his monthly $558 disability check, which is unreachable as an exempt asset. 12 V.S.A. § 2740(19)(C). The only other evidence of present assets was reference to unspecified and unvalued assets held jointly by defendant with his wife. Plaintiff had filed an action against defendant's wife to establish her separate liability, but he did not pursue it. He also drew up a writ of execution, but it was never served. The court did not establish that defendant had any reachable assets not jointly owned. Hence, its finding that defendant had the present ability to pay was unsupported by the evidence and clearly erroneous. V.R.C.P. 52(a); *Jarvis v. Gillespie*, 155 Vt. 633, 637, 587 A.2d 981, 984 (1991). Because defendant's present

ability to pay has not been adequately addressed, the case must be remanded. *Spabile*, 134 Vt. at 336, 360 A.2d at 53.

Further, even if defendant has an ability to pay, he is entitled to a reasonable time to pay, as determined by the court from the evidence, and cannot be held in contempt until the time elapses. The court offered defendant the option of a payment plan but required an immediate payment and continuing payments of no less than $150 a month without any finding that a specific amount or time frame for paying it would be reasonable.

On remand, defendant has the burden of establishing inability to pay. *Id.* at 335, 360 A.2d at 52. He has, to this point, been vague, even obstructive, on the issue of his assets. The court is not powerless in the face of defendant's lack of cooperation; it can use the contempt power to force him to comply fully with the financial disclosure process. See, e.g., *Rainier National Bank v. McCracken*, 615 P.2d 469, 479 (Wash. Ct. App. 1980) (judgment debtor jailed for contempt for failing to comply with court's order for full and complete accounting).

Defendant also argues that the superior court erred by not ruling on whether he had preserved his right to appeal the initial small claims judgment. The superior court did not specifically refer to this issue, but the argument is properly rejected. When defendant sent in his notice of appeal, there was some confusion about whether he actually wished to pursue an appeal or to reopen the case. The court clerk returned his money and asked him which he intended. He never responded, and thereby waived his right to appeal.

Because we are remanding for further proceedings, we need not reach defendant's argument that holding him in contempt violates our constitutional prohibition against imprisonment for debt, Vt. Const. ch. II, § 40, at this time.

*Reversed and remanded.*